IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

KENDRA STRICKLIN                                                  PETITIONER

V.                                                    NO. 1:14CV162-SA-JMV

STATE OF MISSISSIPPI                                        RESPONDENT

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the *pro se* petition of Kendra Stricklin for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent has moved to dismiss the petition for Petitioner's failure to state a constitutional claim, and, alternatively, for failure to exhaust. In response to the motion to dismiss, Petitioner claims that she is in the process of exhausting her State court remedies. For the reasons set forth below, Respondent's motion to dismiss will be granted, and the petition dismissed.

**Facts and Procedural History**

Kendra Stricklin entered a plea of guilty to felony false pretense in the Circuit Court of Oktibbeha County, Mississippi, in Cause No. 2012-0251 and was sentenced by Order filed January 9, 2013, to serve a term of three years in the custody of the Mississippi Department of Corrections ("MDOC"), with the sentence suspended and Petitioner placed on probation for three years. Mot. to Dismiss, Ex. A. Petitioner's suspended sentence was revoked on August 1, 2013, and she was ordered to serve a term of three years in MDOC custody, with the sentence to run consecutively to the sentence imposed in Cause No. 2013-00334. Mot. to Dismiss, Ex. B. On the same date, Petitioner was sentenced on a separate guilty plea for perjury in Cause No. 2013-0334 and was ordered to serve ten years in MDOC custody. Mot. to Dismiss, Ex. C. Thereafter, Petitioner also entered a separate guilty plea to a charge of felony shoplifting and was

sentenced by Order filed April 28, 2014, to serve five years, with three suspended and two to serve, in the custody of MDOC, along with two years of post-release supervision. Mot. to Dismiss, Ex. D.

Petitioner filed a collateral challenge to all of her convictions in a pleading treated as a single post-conviction motion that was dismissed by the trial judge as improperly filed on July 14, 2014. Mot. to Dismiss. Ex. F. On July 29 and July 30, 2014, Petitioner filed three separate pleadings in Oktibbeha County Circuit Court Cause No. 2014-00270-CVK challenging her convictions. Mot. to Dismiss. Ex. G. The first of these pleadings was docketed as a challenge to her conviction in Cause No. 2013-00334 and was dismissed by Order filed August 7, 2014, for lack of jurisdiction. Mot. to Dismiss, Ex. H. The second pleading was docketed as a challenge to her conviction in Cause No. 2012-00251-CRK and was dismissed by Order filed August 7, 2014, for lack of jurisdiction. Mot. to Dismiss, Ex. I. The third pleading consisted of Petitioner's challenge to her conviction in Cause No. 2014-0091-CRC and was dismissed by Order filed August 7, 2014, for lack of jurisdiction. Mot. to Dismiss. Ex. J. As of the date Respondent filed the instant motion, the docket in Oktibbeha County Circuit Court Cause No. 2014-0270 does not reflect that Petitioner appealed the trial court's denial of relief of any of these motions for post-conviction relief. Mot. to Dismiss, Ex. G.

On August 14, 2014, Petitioner filed a motion to amend her sentence. Mot. to Dismiss, Ex. K. By order filed August 20, 2014, the circuit court, treating the motion as one to reconsider, held that the court was "without jurisdiction to amend any aspect of the Petitioner's sentence at this time." Mot. to Dismiss, Ex. L. Petitioner filed two additional letters on August 22, 2014, and October 23, 2014 seeking the court's reconsideration of her sentence. Mot. to

Dismiss, Ex. M. By two separate orders filed on November 7, 2014, the trial court dismissed the "motions," finding it was without jurisdiction to amend Petitioner's sentence. Mot. to Dismiss, Exs. N and O.

On or about August 28, 2014, while serving the imposed sentences for false pretense, perjury, and felony shoplifting, Petitioner filed the instant federal habeas petition. *See* ECF No. 1 and Mot. to Dismiss, Ex. E. On November 21, 2014, Respondent filed a motion to dismiss the petition, and Petitioner responded on December 1, 2014. The Court is ready to rule.

## Discussion

Petitioner seeks habeas relief under 28 U.S.C. § 2254, which provides, in part:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

In this case, Petitioner's "claim for relief" is that she believes that "the grounds for relief mentioned in the post-conviction packet that states the trial court was without jurisdiction to impose/amend the sentence that was received applies to her case." ECF No. 1, p.4. Petitioner does not identify which sentence the trial court was without jurisdiction to impose, and she does not give any argument for her assertion that the trial court was without jurisdiction to impose sentences on her pleas or on the revocation. She only asks this Court to amend her sentence, reinstate her probation, and order that she be sent to a halfway house. ECF No. 1, pp. 5-6.

To maintain a petition for habeas corpus, a petitioner must be deprived of some right secured by the Constitution or laws of the United States. *See, e.g., Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984). In this case, Petitioner has not raised any claim "that [s]he is in

3

custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Rather, she merely asks the Court to amend her sentences and return her to probation. Therefore, she has failed to state any claim upon which this Court may grant relief, and, therefore, the instant petition must be dismissed.

Alternatively, the Court notes that it appears that Petitioner failed to present any claim challenging her pleas and sentences to the Mississippi Supreme Court prior to seeking federal habeas relief. Assuming, *arguendo*, that she has raised a constitutional claim in her federal habeas petition, she has failed to exhaust her State court remedies with regard to any of her sentences and/or her revocation. Section 2254 requires a federal habeas applicant to exhaust her available State court remedies prior to seeking federal habeas relief. 28 U.S.C. § 2254(b)(1). The statute also provides, in part:

> An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(c).

The exhaustion requirement is satisfied when the substance of the habeas claim has been presented to the State's highest court. *See Ries v. Quarterman*, 522 F.3d 517, 523 (5th Cir. 2008). If a petitioner fails to exhaust her claims prior to seeking federal habeas relief, her federal habeas petition must ordinarily be dismissed. *See Duncan v. Walker*, 533 U.S. 167, 178-79 (2001) ("The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment.").

According to Respondent, as of the date it filed the instant motion, the docket in

Oktibbeha County Circuit Court Cause No. 2014-0270 does not reflect any attempt by Petitioner to appeal the trial court's decisions, and the Mississippi Supreme Court's online docket does not show any appeals filed by Petitioner.  In response, Petitioner states that she was unaware of the exhaustion requirement and is in the process of appealing the denial of her motions for post-conviction relief.  However, "applicants seeking habeas relief under § 2254 are required to exhaust all claims in state court **prior to** requesting federal collateral relief." *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999)(emphasis added).

The Court notes that, to the extent Petitioner wishes to make a merits-based challenge to her pleas and sentences, Mississippi's post-conviction relief statutes provide Petitioner an avenue through which such challenges may be made. *See* Miss. Code Ann. § 99-39-5(1) (providing statutory basis to pursue post-conviction relief of a challenge to revocations or to the pleas/sentences imposed) and § 99-39-5(2) (providing a three year limitations period under the statute).  Therefore, the Court alternatively finds that the instant petition should be dismissed for Petitioner's failure to exhaust her State court remedies prior to seeking federal habeas relief. *See* 28 U.S.C. § 2254(b) and (c).

**Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, this Court must issue or deny a certificate of appealability ("COA")  upon the entry of a final order adverse to the petitioner.  Petitioner must obtain a COA before appealing this Court's decision denying federal habeas relief. *See* 28 U.S.C. § 2253(c)(1).  A COA will not issue unless Petitioner makes "a substantial showing of the denial of a constitutional right" of any claim rejected on its merits, which Petitioner may do by demonstrating that "reasonable jurists would find the district court's

5

assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, Petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Applying this standard, the Court concludes that a COA should be denied in this case.

**Conclusion**

For the reasons set forth above, the Court **GRANTS** Respondent's "Motion to Dismiss" [ECF No. 13] and **DISMISSES** without prejudice the petition filed in this cause. The Court further **ORDERS** that a certificate of appealability be denied. All pending motions are **DISMISSED AS MOOT**. A separate judgment in accordance with this memorandum opinion and order will enter today.

**SO ORDERED** this the 17th day of December, 2014.

/s/Sharion Aycock
Chief Judge
U.S. DISTRICT COURT
NORTHERN DISTRICT OF MS